**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

**UNITED STATES OF AMERICA**

**VS.**

**SHERROD ELLERBEE,**

**Defendant**

NO. 5: 04-CR-125 (WDO)

VIOLATIONS: Drug Related

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a DETENTION HEARING was this day held in the above-captioned case before the undersigned. The defendant was represented by Mr. Lester Miller of the Macon Bar; the United States was represented by Assistant U. S. Attorney Charles Calhoun. Based upon the evidence proffered to the court by counsel for the government and the contents of the Pretrial Service Report received from the Northern District of Georgia, as well as argument and comments of counsel, I conclude that the following facts require the detention of the defendant pending the trial of this case.

### PART I - FINDINGS OF FACT

☒ (1) There is PROBABLE CAUSE to believe that the defendant has committed an offense

  ☒ for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.

  ☐ under 18 U.S.C. §924(c).

☒ (2) The defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

#### ALTERNATIVE FINDINGS

☒ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### PART II - WRITTEN STATEMENT OF REASONS FOR DETENTION

Applying the factors set forth in 18 U.S.C. §3142(g), I find that the evidence proffered at the DETENTION HEARING, as supplemented by information contained in the Pretrial Services Report of the U. S. Probation Office of the Northern District of Georgia, establishes by clear and convincing evidence that no condition or combination of conditions set forth in 18 U.S.C. §3142(c) will reasonably assure either the appearance of the defendant or the safety of the community were defendant ELLERBEE to be released from custody at this time. The offenses charged against defendant ELLERBEE are serious drug offenses for which long-term imprisonment may be imposed in the event of a conviction after trial or a plea of guilty; his estimated guideline sentencing range is 262 to 327 months in prison. The weight of evidence is strong with a confidential informant making controlled purchases of crack cocaine from the defendant on each of the three occasions charged in the indictment.

Defendant ELLERBEE has a significant record of arrests and convictions going back to 1993 when he was a juvenile. He has felony convictions which include: PURCHASE OF CONTROLLED SUBSTANCES, 1995, Superior Court of Upson County, Georgia; VIOLATION OF THE GEORGIA CONTROLLED SUBSTANCES ACT, 1996, Superior Court of Upson County, Georgia; and ESCAPE, 1997, Superior Court of Spalding County, Georgia. There is currently an outstanding warrant issued by the Georgia Board of Pardons and Paroles alleging that defendant ELLERBEE absconded from parole supervision.

For the foregoing reasons, pretrial detention is mandated and is SO ORDERED AND DIRECTED.

## PART III - DIRECTIONS REGARDING DETENTION

Defendant SHERROD ELLERBEE is hereby committed to the custody of the Attorney General of the United States or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SO ORDERED, this 9th day of NOVEMBER, 2007.



**CLAUDE W. HICKS, JR.**
**UNITED STATES MAGISTRATE JUDGE**